UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN HARGRAVE,

    Plaintiff,

v.                                                    Case No: 8:20-cv-1231-T-36AEP

CAPITAL ONE BANK (USA), N.A.,

    Defendant.
_____/

**ORDER**

This matter comes before the Court on Plaintiff's Motion to Remand to State Court (Doc. 15). In the motion, Plaintiff argues that this case should be remanded to state court for lack of subject matter jurisdiction. Defendant, Capital One Bank, N.A., filed a response in opposition (Doc. 21) and Plaintiff replied (Doc. 25). The Court, having considered the motion and being fully advised in the premises, will grant Plaintiff's Motion to Remand to State Court.

**I.  BACKGROUND**

On April 18, 2020, Plaintiff John Hargrave initiated this action in the small claims division of the County Court of the Fifth Judicial Circuit, in and for Hernando County, by filing a one-count Complaint against Defendant for alleged violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.01, *et seq.* (FCCPA). Doc. 1-1. Plaintiff had an outstanding balance on a personal consumer credit card account with Capital One ("the alleged debt"). *Id.* ¶ 7. At all relevant times, employees and

representatives of Defendant attempted to collect the alleged debt from Plaintiff. *Id.* ¶ 8.

As set forth in the complaint, on or about January 20, 2020, Plaintiff sent a letter to Defendant stating he was represented by counsel, and he provided counsel's contact information, including his address, phone number, and email address, and expressly requested that any further direct communication with Plaintiff be through his counsel only. *Id.* ¶ 9. As of January 24, 2020, Defendant had actual knowledge that Plaintiff was represented by counsel with respect to the alleged debt. *Id.* ¶ 11. Despite Defendant's knowledge that Plaintiff was represented by counsel, Defendant attempted to collect the alleged debt directly from Plaintiff on or about February 17, 2020, by sending Plaintiff by mail a payment envelope stating "Manage your account and make payments online" and "Write your four digits of your account number on your check." *Id.* ¶ 13. Plaintiff alleges Defendant attempted to collect the debt by stating a specific sum was due by a particular date, providing a phone and on-line payment deadline, providing account notifications, providing information regarding consumer credit counseling, soliciting Plaintiff to pay and manage the account on a mobile app or on-line banking platform, listing instructions to send the tear-off style coupon payment, and stating certain consequences if the amount claimed to be due was not paid by the specific due date. *Id.* ¶ 12. These debt collection efforts angered and stressed Plaintiff. *Id.* ¶ 14.

Plaintiff alleges that Defendant's conduct violated Fla. Stat. § 559.72, which provides in relevant part that in collecting a consumer debt, no person shall:

> Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

Fla. Stat. § 559.72(18). As a result, Plaintiff claims he sustained statutory damages and attorney's fees. *Id.* ¶ 17.

Defendant filed a timely Notice of Removal on May 28, 2020. Doc. 1. In the Notice, Defendant argues that this court has subject matter jurisdiction because Plaintiff's state law FCCPA claim is preempted due to conflict with federal statutes, namely the Truth in Lending Act ("TILA"), 15 U.S.C. § 1637(b), as amended by the Credit Card Accountability Act of 2009, and Regulation Z ("Reg Z"), 12 C.F.R. § 226.7. Specifically, Defendant urges federal question jurisdiction exists based on "conflict preemption" wherein "state laws are preempted when they conflict with federal law." Doc. 1 at 4 (citing *Arizona v. United States*, 132 S. Ct. 2492, 2501 (2012)). Defendant does not argue that TILA or Reg Z preempts the whole FCCPA, but rather just this particular FCCPA claim that is based upon a monthly statement mailed to Plaintiff because TILA requires a creditor such as Defendant to send monthly statements to the natural person who the credit card was issued to or to a natural person who has agreed to pay the amounts owed on the card. Doc. 1 at 5–6. Defendant argues that sending it to Plaintiff's lawyer is not a viable option. Thus, Defendant

3

argues this TILA requirement overrides any Florida state law requirement that directs a person not to contact a debtor once represented by counsel.

Plaintiff filed a motion to remand to state court (Doc. 15) arguing that Defendant fails to demonstrate that complete preemption exists or that all of the *Gunn*[1] factors are present. In response, Defendant claims that the FCCPA is wholly preempted by federal law such that this court's jurisdiction is invoked. Doc. 21

## II.   LEGAL STANDARD

Removal of cases to federal court is governed by 28 U.S.C. § 1441, which provides in part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." *Id.* at § 1441(a). Federal district courts are courts of limited jurisdiction. *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260–61 (11th Cir. 2000). Parties seeking to invoke subject matter jurisdiction must show that the underlying claim is based upon either diversity jurisdiction (cases in which the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs"), or the existence of a federal question (*i.e.*, "a

---

[1] The Supreme Court in *Gunn v. Minton*, 568 U.S. 251, 258 (2013), enumerated a four-part test for courts to apply when determining whether construction of a federal law is required to evaluate a state law right. A defendant must show it satisfies all four factors in order to establish a federal district court's subject matter jurisdiction. *Id.*

civil action arising under the Constitution, laws, or treaties of the United States"). *See* 28 U.S.C. §§ 1331–1332.

Removal jurisdiction is construed narrowly with all doubts resolved in favor of remand. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999); *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998). "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319–20 (11th Cir. 2001)); *see Univ. of S. Ala.*, 168 F.3d at 411–412 ("The burden of establishing subject matter jurisdiction falls on the party invoking removal.").

"The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982). "[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala.*, 168 F.3d at 410.

### III. DISCUSSION

Plaintiff urges remand is warranted here because his Complaint does not present a federal question and Defendant's reliance on an affirmative defense does not confer jurisdiction. The Court agrees. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the

plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.*; *see also Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) ("[T]he question whether a claim 'arises under' federal law [for purposes of removal] must be determined by reference to the 'well-pleaded complaint.'").

There are exceptions to the well-pleaded complaint rule. "[W]hen a federal statute wholly displaces the state-law cause of action through complete pre-emption," the state claim can be removed. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003). This is so because "[w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Id.* Limited applications of the doctrine have been seen in the context of Labor Management Relations Act (LMRA) claims, *see Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557 (1968), and in Employee Retirement Income Security Act (ERISA) claims, *see Franchise Tax Board v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 23–24 (1983); *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64 (1987). See also *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1260 n.16 (11th Cir. 2011) ("Complete preemption is a rare doctrine . . . .").

In its removal notice, Defendant did not claim that the FCCPA is wholly preempted by TILA or Reg Z. Doc. 1 at 5. Rather, Defendant claimed that conflict preemption exists. *Id.* at 4. Critically, "conflict preemption is merely a defense, it is not

6

a basis for removal." *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1344 (11th Cir. 2009) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 115–16 (1936)). Removal is generally improper "if based solely upon a plaintiff's allegation of an anticipated defense or if based upon a defendant's responsive pleading." *Lazuka v. FDIC*, 931 F.2d 1530, 1534 (11th Cir. 1991) (citing *Merrell Dow Pharms.,* 478 U.S. at 808, 809 n.6).

In its response to the Plaintiff's motion, Defendant now argues that the FCCPA is wholly preempted by TILA, but it fails to direct the Court to any case law in this Circuit holding that TILA or any of its relevant sections or regulations have been found to satisfy the *Caterpillar* Court's definition as a completely preemptive federal statute. Rather, Defendant engages in linguistic gymnastics to attempt to explain how the FCCPA would be in conflict with TILA and Reg Z. But, in so doing, it implies allegations that are not present in Plaintiff's Complaint.

Here, it is undisputed Plaintiff's Complaint alleges purely a state law cause of action—a single claim for violation of a Florida statute. When only state-law claims are asserted in a complaint, a claim "aris[es] under" federal law if a federal issue is: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in the federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251 (2013). Defendant argues that, notwithstanding the well-pleaded complaint rule, this case is properly removed based on complete preemption. As noted above, the basis of the claimed preemption, however, is Defendant's anticipated affirmative defense, and it is clear that "the

7

presence of a federal defense does not make the case removable, even if the defense is preemption and even if the validity of the preemption defense is the only issue to be resolved in the case." *Blab T.V. of Mobile, Inc. v. Comcast Cable Commc'ns, Inc.*, 182 F.3d 851, 854 (11th Cir. 1999) (citing *Caterpillar*, 482 U.S. at 393).

To determine whether the Plaintiff's claim arises under federal law, the Court will examine the Complaint's "well pleaded allegations" and ignore Defendant's potential defenses. The Court will address the *Gunn* factors in the context of Plaintiff's allegations. Typically, there are only a "special and small category of cases" that satisfy the *Gunn* test. *Gunn*, 568 U.S. at 258. The Complaint must meet all four factors to confer subject matter jurisdiction. *Id.* Beginning with the first factor, the Court finds that the federal issue was not "necessarily raised" in Plaintiff's FCCPA claim, that is, adjudication of the claim will not require application of TILA, Reg Z, or any other federal law. To establish a claim under § 559.72(18), Plaintiff must prove that: (1) Defendant communicated with Plaintiff; (2) in connection with the collection of a debt; (3) where Defendant had actual knowledge that Plaintiff was represented by an attorney with respect to such debt; and (4) Defendant had knowledge, or could readily ascertain, the attorney's name or address. *See Daley v. Bono*, 420 F. Supp. 3d 1247, 1257 (M.D. Fla. 2019). It does not appear that this claim would require the application of federal law.

Based on a review of the pleadings before the Court, although an FCCPA claim is "capable of resolution in federal court without disrupting the federal-state balance," as such claims are routinely handled by federal courts in conjunction with claims

brought under the federal counterpart (FDCPA), here TILA or related regulations are not actually disputed, nor are they substantial to the Plaintiff's claim that Defendant communicated directly with him instead of his counsel in violation of the FCCPA. Substantiality is evaluated by looking to the "importance of the issue to the federal system as a whole." *Gunn*, 568 U.S. at 260. Issues that will "change the real-world result" for future cases and future litigants are substantial. *Id.* at 261. On the record before it, the Court finds the existence of a conflict questionable. Thus, the Court cannot say that the pleadings raise issues important to the federal system as a whole.

In summary, federal issues do not appear on the face of the Complaint. The federal issues raised by Defendant by way of its defenses do not confer federal question jurisdiction. In any event, the Court has substantial doubt that the claim satisfies all four factors of the *Gunn* test, and thus jurisdiction is lacking and remand is warranted. Accordingly, it is hereby

**ORDERED AND ADJUDGED**:

1. Plaintiff's Motion to Remand to State Court (Doc. 15) is **GRANTED**.

2. This case is **REMANDED** to the County Court for the Fifth Judicial Circuit, in and for Hernando County, Florida, small claims division.

3. The Clerk is directed to transmit a certified copy of this Order to the Clerk of the County Court for the Fifth Judicial Circuit, in and for Hernando County, Florida.

4. The Clerk is further directed to terminate any pending motions and deadlines and close this case.

**DONE AND ORDERED** in Tampa, Florida on January 7, 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any